# In the United States Court of Federal Claims

No. 18-1401C

(Filed: January 8, 2019)

**(NOT TO BE PUBLISHED)**

```
*************************************  )
DEIRDRIE C. LIZZMORE,                  )
                                       )
                Plaintiff,             )
                                       )
        v.                             )
                                       )
UNITED STATES,                         )
                                       )
                Defendant.             )
                                       )
*************************************
```

Deirdrie C. Lizzmore, *pro se*, Garden City Park, NY.

Robert C. Bigler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the brief were Joseph H. Hunt, Assistant Attorney General, Civil Division, and Robert E. Kirschman, Jr., Director, and Deborah A. Bynum, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

**OPINION AND ORDER**

LETTOW, Senior Judge.

Plaintiff Deirdrie C. Lizzmore has brought suit seeking a declaratory judgment, injunctive relief, and a temporary restraining order, all related to a foreclosure action on Ms. Lizzmore's property. Compl. of Oct. 29, 2018 ("Am. Compl.") at 2-3, ECF No. 7.[1] She may also be endeavoring to change the venue of a different case to this court. Am. Compl. at 2.

The United States ("the government") has moved to dismiss the amended complaint pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). *See* Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 8. Because this court lacks subject-matter jurisdiction

---

[1] Ms. Lizzmore's complaint, ECF No. 1, and amended complaint are identical, except that the amended complaint contains this court's civil cover sheet and certificates of service.

Citations to the amended complaint correspond to the page marking as reproduced in the Electronic Case Filing system.

7005 2570 0001 8602 3123

over the complaint, the government's motion to dismiss Ms. Lizzmore's complaint is GRANTED.

## BACKGROUND

The stated basis for Ms. Lizzmore's complaint is that the "United States and [its] agents used [her] [i]ntellectual [p]roperty to foreclose on [her] property in the wrong court and [she is] seeking a court of competent [j]urisdiction." Am. Compl. at 2. The civil complaint sheet indicates the nature of the suit involves excise taxes, Am. Compl. at 4 ("Nature of Suit Code: 206," which corresponds to Excise Taxes), and identifies the responsible agency as the Department of the Treasury, Am. Compl. at 4. The action appears to be based on an "assessment or collection of taxes." Am. Compl. at 2.

The amended complaint attaches two certificates of service. Am. Compl. at 5-6. The first was mailed by Ms. Lizzmore to "McCabel, Weisberg & Conway, LLC, Attorneys for Wilmington Savings Fund Society, FSB, As Trustee of Upland Mortgage Loan."[2] Am. Compl. at 5. The second was sent to Maureen O'Connell, the clerk of Nassau County, New York, Am. Compl. at 6, where Ms. Lizzmore resides, Am. Compl. at 2.[3] The relationship between Ms. Lizzmore and these persons is not apparent. No clarifying facts were provided in either the original or amended complaint.

## STANDARDS FOR DECISION

### *Rule 12(b)(1) – Lack of Subject-Matter Jurisdiction*

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). To invoke this court's Tucker Act jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc* in relevant part) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976)). If a plaintiff fails to raise a claim under a money-mandating provision, this court "should [dismiss] for lack of subject matter jurisdiction." *Jan's Helicopter Serv., Inc. v. Federal Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cty. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)).

---

[2]Ms. Lizzmore also labels this as "Trust A." She does not specify whether there is a Trust B or other trusts.

[3]Garden City Park, where Ms. Lizzmore lives, is a census-designated place within the town of North Hempstead, Nassau County, New York.

Ms. Lizzmore, as plaintiff, must establish jurisdiction by a preponderance of the evidence. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)).[4] When ruling on a motion to dismiss for lack of jurisdiction, the court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Id.* (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); *see also* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## ANALYSIS

The government contends that Ms. Lizzmore's complaint should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. In Ms. Lizzmore's amended complaint, she argues that the proper court for her claim relating to the theft of intellectual property (or the collection of excise taxes) is either this court or the Court of International Trade in New York City, Am. Compl. at 2, and implies that jurisdiction exists in this court under 28 U.S.C. § 1331, Am. Compl. at 1. In support of this proposition, she asserts (without citation) that "Congress has not given [d]istrict [c]ourt's [j]urisdiction to hear any 'tax' related case where the defendant civil or criminal challenges the assessment or collection of taxes." Am. Compl. at 2.

Ms. Lizzmore's stated basis for jurisdiction is incorrect. For this court to exercise jurisdiction over Ms. Lizzmore's claim, it must do so under the Tucker Act, 28 U.S.C. § 1491(a). Other statutory grants of jurisdiction to this court are inapplicable, and 28 U.S.C. § 1331 grants federal question jurisdiction only to federal district courts, not this court. *See* 28 U.S.C. § 1331.

Ms. Lizzmore filled out the "Takings Case" box on the complaint cover sheet, and it is plausible that she is alleging the taking of some of her property. Am. Compl. at 4. The factual basis for this claim is not stated. The few short and vague sentences she proffers are not enough to provide a jurisdictional predicate for her suit. Thus, from Ms. Lizzmore's amended complaint, the court cannot determine the basis of her claim, whether it implicates a money-mandating provision, or if it involves the United States.

---

[4] A court may "grant the *pro se* litigant leeway on procedural matters, such as pleading requirements." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims.")). But this leniency cannot extend to lessening jurisdictional requirements. *See Kelley v. Secretary, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not . . . take a liberal view of . . . jurisdictional requirement[s] and set a different rule for pro se litigants only.").

Overall, her complaint fails to set out "a short and plain statement of the grounds for the court's jurisdiction" or "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a). The complaint is unavailing on this basis alone. *See, e.g., Ruther v. United States*, No. 18-1110C, 2018 WL 5095451, at *3 (Fed. Cl. Oct. 17, 2018) (finding that failing to meet pleading requirements of RCFC 8(a) warrants dismissal). Additionally, Ms. Lizzmore's failure to invoke a money-mandating provision, either directly or by implication stemming from the provided facts, also prevents this court from exercising jurisdiction. *See, e.g., Jan's Helicopter Serv., Inc.*, 525 F.3d at 1308 (quoting *Greenlee Cty.*, 487 F.3d at 876).

Finally, Ms. Lizzmore seeks only equitable relief. *See* Am. Compl. at 4. This court has power to award equitable relief only when specifically authorized by statute. *See National Air Traffic Controllers Ass'n v. United States*, 160 F.3d 714, 716-17 (Fed. Cir. 1998) ("Congress has authorized the Court of Federal Claims to grant equitable relief in certain limited circumstances, [but there is no] general authority to grant equitable relief . . . ."). None of the specific statutes authorizing this court to issue equitable relief have been invoked. In particular, under the Tucker Act, equitable relief must be "incidental and collateral to" a judgment for damages, 28 U.S.C. § 1491(a)(2); *see James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998), and Ms. Lizzmore has neither identified a money-mandating provision of law nor requested damages. Therefore, the court cannot entertain the relief sought by Ms. Lizzmore.

## CONCLUSION

For the reasons stated, the government's motion to dismiss Ms. Lizzmore's complaint is GRANTED. Ms. Lizzmore's complaint shall be DISMISSED without prejudice. The clerk shall enter judgment accordingly.

No costs.

It is so **ORDERED**.

_____
Charles F. Lettow
Senior Judge